UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAPP, INC., YOUNG PEOPLES DAY CAMPS INC., KMJA DAY CAMPS, INC., and PRAYUS GROUP LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, and DISCOVER BANK,<br><br>Defendants. | Case No. 1:23-cv-4676 |
| LEMMO'S PIZZERIA, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, DISCOVER BANK, and DOES 1–100,<br><br>Defendants. | Case No. 1:23-cv-14250 |
| SUPPORT ANIMAL HOLDINGS, LLC, and LENNYS CASITA, LLC, individually, and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES, DFS SERVICES, LLC, DISCOVER BANK, and DOES 1–100,<br><br>Defendants. | Case No. 1:23-cv-15297 |

**ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**Error! Unknown document property name.**

Before the Court is Plaintiffs' Motion for Preliminary Approval (the "Motion") of the Class Action Settlement Agreement and Release (the "Agreement" or "Settlement") entered June 28, 2024 by Plaintiffs CAPP, Inc.; Young Peoples Day Camps Inc.; Prayus Group LLC; Lemmo's Pizzeria, LLC; and Lennys Casita, LLC (collectively, the "Settlement Class Representatives") and Defendants Discover Financial Services; DFS Services, LLC; and Discover Bank (collectively, "Discover" and together with the Settlement Class Representatives, the "Parties").

Having now thoroughly reviewed the Agreement and the exhibits to the Agreement, the Declaration of Cameron Azari of Epiq Class Action & Claims Solutions, Inc., the proposed program for disseminating notice to the Settlement Class ("Notice Program") attached as Exhibit 2 to the Azari Declaration, the forms of notice and claim forms attached as Exhibits 1a-8 to the Notice Program, as well as the Motion and all related briefs, declarations, and arguments, the Court hereby FINDS, CONCLUDES, and ORDERS:

1. Capitalized terms not otherwise defined in this Order have the meanings provided in the Agreement.

2. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), has personal jurisdiction over the Parties and Members of the Settlement Class, and venue is proper in this District.

3. For purposes of the settlement only, and consistent with Federal Rule of Civil Procedure 23(a), (b)(3), and (e), it is proper that this Court certify the Settlement Class defined as:

> All End Merchants, Merchant Acquirers, and Payment Intermediaries involved in processing or accepting a Misclassified Card Transaction during the Relevant Period, except the entities and individuals listed on Exhibit A to the Agreement.

4. This Settlement Class meets the requirements for classification as a settlement class under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Specifically, the Court finds, for settlement purposes only, that (1) the Settlement Class Members are sufficiently numerous that

2

joinder is impracticable; (2) there are questions of law and fact common to Settlement Class Members; (3) proposed Settlement Class Representatives' claims are typical of those of all Members of the Settlement Class; (4) proposed Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class Members; and (5) the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

5. Certification of the Settlement Class is solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect. All rights and defenses that the Parties may have regarding class certification are preserved in the event the Settlement does not ultimately become final or take effect.

6. Plaintiffs CAPP, Inc.; Young Peoples Day Camps Inc.; Prayus Group LLC; Lemmo's Pizzeria, LLC; and Lennys Casita, LLC are hereby appointed as Settlement Class Representatives to represent the Settlement Class.

7. Roger N. Heller of Lieff Cabraser Heimann & Bernstein LLP, Catherine Pratsinakis of Dilworth Paxson LLP, and Taras Kick of The Kick Law Firm, APC are hereby appointed as Settlement Class Counsel for the Settlement Class.

8. Epiq Class Action & Claims Solutions, Inc. is hereby appointed as Settlement Administrator, and is directed to carry out all duties and responsibilities of the Settlement Administrator set forth in the Agreement, the Notice Program, and this Order.

9. Citi Private Bank is hereby appointed as Escrow Agent, and is directed to carry out all duties and responsibilities of the Escrow Agent set forth in the Agreement.

10. Considering the factors in Rule 23(e), the Court finds that it will likely be able to

approve the Settlement and to certify the Settlement Class for purposes of entering judgment in this matter. The Court preliminarily finds that the Settlement is fair, reasonable, and adequate to Settlement Class Members, considering:

    a.     Settlement Class Representatives and Settlement Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class;

    b.     the Agreement is the product of arm's length negotiations by the Parties and their counsel, reached with the assistance of retired United States Magistrate Judge Jay C. Gandhi, who is an experienced and well-respected mediator;

    c.     the Agreement was reached following adequate investigation of the facts and legal issues by both Parties and the Parties have since engaged in and completed ongoing confirmatory discovery;

    d.     the relief the Settlement will provide to Members of the Settlement Class is adequate taking into account the costs, risks, and delay of further litigation, trial, and possible appeal, as well as the proposed method of distributing Settlement Payments to Members of the Settlement Class;

    e.     the Settlement treats Settlement Class Members equitably relative to one another because, as described more fully in the Agreement, the Settlement provides a payment to each Settlement Class Member that is based on a consistent methodology intended to estimate the approximate overcharge, if any, that each Settlement Class Member is estimated to have paid based on the records of Discover, the Settlement Class Members, and the additional data already collected and to be collected by Discover and the Settlement Administrator;

    f.     any award of Attorneys' Fees and Expenses or Service Award(s) will be

granted only after receiving a motion supporting such request, which must be filed before the deadline to object or opt-out of the Settlement.

11. For these reasons, the Court finds that notice should be disseminated to the Settlement Class.

12. The Court approves the Notice Program, including the forms of notice and claim forms attached as Exhibits thereto, and directs the Settlement Administrator and Parties to implement the Notice Program as soon as practicable and to commence implementation of the Notice Program no later than ninety (90) days after entry of this Preliminary Approval Order.

13. The Notice Program meets the requirements of due process under the Constitution and complies with Rule 23. It is the best notice practicable under the circumstances, both because it includes direct notice to Settlement Class Members that have already been or that can reasonably be identified through the combined efforts of Discover, the Settlement Administrator, and the information that has or will be provided by Settlement Class Members themselves; and because notice will be further provided through a Settlement Website, a toll-free telephone helpline, and advertisements in national business and newspaper publications, on internet search platforms, on social media, and in print trade publications as detailed in the Notice Program.

14. The proposed form and content of the Notice are also adequate to give Settlement Class Members sufficient information to enable them to make informed decisions about the proposed Settlement and its terms, including about their membership in the Settlement Class, the right to and procedures by which they may object to or opt out of the Settlement, and the manner by which they may submit a Settlement Claim. Among other things, the Notice clearly and concisely states in plain, easy-to-understand language: (i) the nature of this Litigation; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class

Member may enter an appearance through an attorney if the Member so desires; (v) as applicable, that Settlement Class Members must submit a timely and valid Settlement Claim to be eligible to receive a Settlement Payment; (vi) the time and manner by which Members may submit a Settlement Claim; (vii) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (viii) the time and manner for requesting exclusion; and (ix) the binding effect of a class judgment on Settlement Class Members who do not timely and validly exclude themselves from the Settlement under Federal Rule of Civil Procedure 23(c)(3).

15. Before Settlement Class Representatives are required to file any motion for final approval of the Settlement, the Settlement Administrator shall supply to Settlement Class Counsel and Discover Counsel a declaration to be filed with the Court that (i) identifies all entities and persons that have timely and validly opted out of the Settlement, and (ii) details the scope, method, and results of the Notice Program as implemented following this Preliminary Approval Order.

16. Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a written request for exclusion that is postmarked no later than two hundred seventy (270) days after the date of this Preliminary Approval Order. To be effective, the Request for Exclusion must include (a) the Settlement Class Member's (i) full legal name, (ii) any aliases, (iii) telephone number, (iv) mailing address, (v) email address, (vi) tax identification number (TIN), and, (vii) if known to the Settlement Class Member, its MID(s); (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) a clear and unequivocal reference to the name and the case number of the lead case in the Lawsuits, *e.g.*, "*CAPP, Inc. et al. v. Discover Bank, et al.*, Case No. 23-cv-4676"; and (d) the signature of the individual(s) authorized to act on behalf of the Settlement Class Member. Upon the Settlement Administrator's receipt of a timely and valid exclusion request, the

Settlement Class Member shall be deemed excluded from the Settlement Class and shall not be entitled to any benefits of the Settlement.

17. Requests for Exclusion must be specific to an individual Settlement Class Member. Requests for Exclusion will not be valid if a Settlement Class Member requests exclusion on behalf of any other Settlement Class Member or as a class or group.

18. Any person or entity in the Settlement Class that submits a timely and valid Request for Exclusion is foreclosed from objecting to the Settlement or to any motion for the award of Attorneys' Fees and Expenses or Service Award(s).

19. If a Settlement Class Member submits both a timely and valid Request for Exclusion and an Objection, the Settlement Class Member shall be treated as if they had only submitted a Request for Exclusion and not an Objection.

20. If a Settlement Class Member submits both a timely and valid Request for Exclusion and a Settlement Claim, the Settlement Class Member shall be treated as if they had only submitted a Settlement Claim and not a Request for Exclusion.

21. Any Settlement Class Member who does not submit a request to be excluded from the Settlement as set forth herein may present written objections, if any, explaining why the Settlement Class Member believes the Settlement should not be approved by the Court as fair, reasonable, and adequate.

22. To be considered timely and valid, an Objection must: (a) be in writing; (b) be filed with or postmarked to the Court no later than two hundred seventy (270) days after entry of this Preliminary Approval Order; (c) be mailed in duplicate to the Settlement Administrator at the addresses listed in the Notice; and (d) include: (1) the name and case number of the lead case in the Lawsuits, *e.g.*, "*CAPP, Inc. et al. v. Discover Bank, et al.*, Case No. 23-cv-4676"; (2) the

Settlement Class Member's full legal name and any aliases; telephone number; mailing address; email address; tax identification number (TIN); and if known to the Settlement Class Member, its Merchant Identification Number(s) (MID(s)); (3) the signature of the individual(s) authorized to act on behalf of the Settlement Class Member; (4) a description of the specific reasons for the Objection; (5) if the Settlement Class Member is represented by an attorney, the name, address, bar number and telephone number of the Settlement Class Member's counsel; and (6) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing, either personally or through counsel.

23. Any Settlement Class Member who fails to comply with the provisions of this Preliminary Approval Order will waive and forfeit any and all rights that he, she, or it may have to opt out of or object to the Settlement, including any right to appear and be heard at the Final Approval Hearing and any right to appeal any order entered finally approving the Settlement or entering Judgment in this matter.

24. Settlement Class Counsel shall file a motion for an award of attorneys' fees and costs no later than two hundred (200) days after entry of this Preliminary Approval Order.

25. Settlement Class Representatives and Settlement Class Counsel shall file a motion seeking final approval of the Settlement no later than two hundred (200) days after entry of this Preliminary Approval Order.

26. The Court acknowledges that Discover has ongoing business relationships with some Settlement Class Members, including but not limited to Direct End Merchants, Indirect End Merchants, Payment Intermediaries, and Merchant Acquirers. Discover retains the right to communicate with Settlement Class Members in accordance with the terms of Section 5.6 of the Agreement or as otherwise mutually agreed in writing by Discover and Settlement Class Counsel.

27. If the Court grants final approval to the Settlement and the Effective Date occurs, Discover is directed to, within ninety (90) days after the Effective Date, as defined in the Agreement, provide to the Settlement Administrator and Settlement Class Counsel an affidavit verifying: (a) all Non-Claimant Payments , including a breakdown of the individual payments (by recipient and associated MIDs) comprising the Total Non-Claimant Payments; and (b) all payments that Discover has proposed to pay a Non-Claiming Entity in connection with a MID, including a breakdown of the individual payments (by recipient and associated MIDs) comprising all such proposed payments. This information shall not be further distributed except as directed by this Court or with Discover's written agreement.

28. If the Court grants final approval to the Settlement and the Effective Date occurs, information obtained by Discover in connection with negotiation of Non-Claimant Payments shall be disclosed to the Settlement Administrator and Settlement Class Counsel as necessary and appropriate to effectuate the Settlement, including but not limited to accomplish the purposes of Section 3.4.2 and Section 3.5.1 of the Settlement. This information shall not be further distributed except as directed by this Court or with Discover's written agreement.

29. The Court will hold a Final Approval Hearing on November 6, 2025 at 11:00 a.m., in the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen U.S. Courthouse, Courtroom 2319, 219 South Dearborn Street, Chicago, IL 60604. The purpose of the Final Approval Hearing will be to determine whether to finally approve the Settlement as fair, reasonable, and adequate pursuant to Rule 23(e). The Court may modify the date, time, or location of the Final Approval Hearing, in which case, the new date, time, and location shall be promptly posted on the Settlement Website.

30. Other than such proceedings as may be necessary to carry out the terms and

conditions of the Settlement, all proceedings in the Lawsuits are hereby stayed and suspended until further order of this Court. Pending final determination of whether the Settlement Agreement should be finally approved, Settlement Class Representatives, all Settlement Class Members, and all Releasing Parties (and any persons purporting to act on their behalf) are barred and enjoined from filing, commencing, prosecuting, maintaining, or enforcing any Released Claims against the Released Parties, directly or indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein), in any judicial, administrative, arbitral, or other forum. This bar and injunction are necessary to protect and effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

31. This Preliminary Approval Order, the Agreement, all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, are not and shall not constitute, be described as, be construed as, be offered, or be received against Discover or the Released Parties as evidence or an admission of: (a) the truth of any fact alleged in the Lawsuits; (b) any liability or wrongdoing of Defendants or the Released Parties; or (c) that this or any other action may be properly certified as a class action for litigation, non-settlement purposes.

32. The following chart summarizes the dates and deadlines set by this Preliminary Approval Order and the Agreement:

| Event | Time Period | Date |
|---|---|---|
| Settlement Class Notice Program begins | Ninety (90) days after Preliminary Approval | January 20, 2025 |
| Motion for Attorneys' Fees and Expenses due | Two hundred (200) days after Preliminary Approval | May 12, 2025 |
| Motion for Final Approval Order due | Two hundred (200) days after Preliminary Approval | May 12, 2025 |
| Objection Deadline | Two hundred seventy (270) days after Preliminary Approval | July 21, 2025 |
| Opt-Out Deadline | Two hundred seventy (270) days after Preliminary Approval | July 21, 2025 |
| Settlement Claim Deadline | Three hundred sixty five (365) days after Preliminary Approval | October 22, 2025 |
| Final Approval Hearing | Three hundred and seventy two (372) days after Preliminary Approval (or as soon thereafter as is convenient for the Court) | November 6, 2025 at 11:00 a.m. |

33. The Court may, for good cause, extend any of the deadlines herein without further notice to the Settlement Class and, without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement (including to the Notice Program) that are not inconsistent with this Preliminary Approval Order.

SO ORDERED.

Date: October 22, 2024

Steven C. Seeger
United States District Judge

11